In the

# United States Court of Appeals

## For the Seventh Circuit

No. 25-2921

JEFFREY R. JONES,

*Petitioner-Appellant*,

*v.*

BRIAN LAMMER,

*Respondent-Appellee*.

Appeal from the United States District Court for the
Western District of Wisconsin.
No. 25-cv-661-jdp — **James D. Peterson**, *Chief Judge*.

SUBMITTED JULY 28, 2026[*] — DECIDED JULY 29, 2026

Before SCUDDER, ST. EVE, and MALDONADO, *Circuit Judges*.

PER CURIAM. Jeffrey Jones, a federal prisoner convicted of drug trafficking offenses, challenges the dismissal of his petition for relief for under 28 U.S.C. § 2241. He contests the de-

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

termination of the Federal Bureau of Prisons that his conviction for distributing fentanyl makes him ineligible for that relief. We affirm.

Jones pleaded guilty in 2021 to distributing 40 grams or more of a mixture or substance containing fentanyl, *see* 21 U.S.C. § 841(a), (b)(1)(B)(vi); 18 U.S.C. § 2, and was sentenced to 150 months' imprisonment. In 2025, he petitioned under 28 U.S.C. § 2241 for a writ of habeas corpus, arguing that the Bureau of Prisons arbitrarily denied him time credits under the First Step Act. He argued that two of the Act's statutory provisions—18 U.S.C. § 3632(d)(4)(D)(lxvi) and (lxviii), which exclude prisoners with certain drug convictions from earning time credits—conflict and that their application is ambiguous.

The district court denied the petition. The court determined that Jones's conviction under § 841(b)(1)(B)(vi) for distributing 40 grams or more of a mixture or substance containing fentanyl rendered him ineligible under § 3632(d)(4)(D)(lxvi) for time credits under the Act. And the court concluded that Jones failed to show any inconsistency or redundancy between § 3632(d)(4)(D)(lxvi) and § 3632(d)(4)(D)(lxviii).

We begin with a few words about the First Step Act. The Act provides eligible federal prisoners with the opportunity to earn time credits by "successfully complet[ing] evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4)(A). But certain enumerated convictions disqualify prisoners from earning time credits. *See id.* § 3632(d)(4)(D). Relevant here, the Act expressly excludes prisoners convicted under 21 U.S.C. § 841(b)(1)(B)(vi)

for distributing 40 grams or more of a mixture or substance containing fentanyl from being eligible for time credits:

> **Ineligible prisoners.**--A prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under any of the following provisions of law: ….

> **(lxvi)** Subparagraph (A)(vi) or (B)(vi) of section 401(b)(1) of the Controlled Substances Act (21 U.S.C. 841(b)(1)) or paragraph (1)(F) or (2)(F) of section 1010(b) of the Controlled Substances Import and Export Act (21 U.S.C. 960(b)), relating to manufacturing, distributing, dispensing, or possessing with intent to manufacture, distribute, or dispense, a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, or any analogue thereof.[†]

18 U.S.C. § 3632(d)(4)(D)(lxvi). Similarly, a prisoner is disqualified from earning time credits if (a) he is convicted under § 841(b)(1), and (b) the sentencing court finds that "the offense involved a mixture or substance containing a detectable amount of" fentanyl *and* the prisoner "was an organizer, leader, manager, or supervisor of others in the offense." *Id.* § 3632(d)(4)(D)(lxviii).

On appeal, Jones concedes that his conviction falls under § 3632(d)(4)(D)(lxvi) but maintains that this provision is in

---

[†] N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide is a scientific term for fentanyl.

"irreconcilable conflict" with § 3632(d)(4)(D)(lxviii). Both provisions overlap, he says, in that they address fentanyl-related convictions, but he urges he should be eligible for time credits because the sentencing court did not find that he was a leader or supervisor for purposes of § 3632(d)(4)(D)(lxviii). And because the application of these provisions is ambiguous, he argues that the ambiguity should be resolved in his favor.

As the district court rightly concluded, there is no ambiguity concerning the application of § 3632(d)(4)(D)(lxvi) and § 3632(d)(4)(D)(lxviii). The provisions deny time-credit eligibility for different courses of conduct: § 3632(d)(4)(D)(lxvi) applies when a prisoner's offense involves a threshold quantity of mixtures or substances including fentanyl, while § 3632(d)(4)(D)(lxviii) applies when the offense involves a detectable amount of fentanyl and the prisoner acted as a leader or supervisor in the offense. That a prisoner could conceivably be rendered ineligible for time credits under both provisions does not mean that a prisoner is eligible for time credits when his offense falls under one provision but not the other.

AFFIRMED